Matthew A. Rosenthal (SBN 279334)
matt@westgatelaw.com
Westgate Law
15760 Ventura Blvd, Suite 880
Los Angeles, CA  91436
Tel: (818) 200-1497
Fax: (818) 574-6022
Attorneys for Plaintiff,
GERARDO TORRES

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| GERARDO TORRES,<br><br>   Plaintiff,<br><br>   v.<br><br>CITIBANK, N.A.; DEPARTMENT STORES NATIONAL BANK;<br><br>   Defendant(s). | Case No.: 2:16-cv-1528<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. **Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq.**<br>2. **Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 et seq.** |

GERARDO TORRES (Plaintiff), by his attorneys, WESTGATE LAW, alleges the following against CITIBANK, N.A.; DEPARTMENT STORES NATIONAL BANK (Defendants):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 28 U.S.C. § 227 *et seq.* (TCPA).

2. Count II of Plaintiff's Complaint is based on the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 *et seq.* (RFDCPA).

## JURISDICTION AND VENUE

3. Jurisdiction of this Court over Plaintiff's Complaint arises pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States, and this Court maintains supplemental jurisdiction over the state law claims alleged herein.

4. Defendant conducts business in the State of California thereby establishing personal jurisdiction.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

6. Plaintiff is a natural person residing in Los Angeles, Los Angeles County, California.

7. Defendant Citibank, N.A. is a business entity with a principal place of business in Sioux Falls, South Dakota.

8. Defendant Department Stores National Bank is a business entity with a principal place of business in Sioux Falls, South Dakota.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Since approximately 2015, and specifically within four years prior to the filing of this action, Defendants contacted Plaintiff to collect money, property or their equivalent, due or owing or alleged to be due or owing on a Macy's credit card.

11. Since approximately 2015, and specifically within four years prior to the

filing of this action, Defendants constantly and continuously placed collection calls to Plaintiff at Plaintiff's cell phone number ending in 5792.

12. At all times relevant to this action, while conducting business in California, Defendants have been subject to, and required to abide by, the laws of the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

13. At all times relevant to this action, Defendants owned, operated and or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

14. Within four years prior to the filing of this action, Defendants called Plaintiff at Plaintiff's cellular telephone using equipment which has the capacity to store or produce telephone numbers to be called, using random or sequential number generator and to dial such numbers, also known as an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1)(A) and (B).

15. Defendants never received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1).

16. Even assuming arguendo that Defendants did have consent to call Plaintiff on Plaintiff's cellular telephone using an ATDS, that consent was subsequently revoked by Plaintiff. On several occasions, Plaintiff revoked consent by answering Defendants' calls and demanding that Defendants' calls cease.

17. Despite Plaintiff's request to cease, Defendants continued to place collection calls to Plaintiff, including up to four (4) calls in a single day.

18. At no time have Plaintiff and Defendants had an "established business relationship" as defined by 47 U.S.C. § 227(a)(2).

19. Defendant is not a tax exempt nonprofit organization.

20. Defendants' violation of the TCPA was willful because Plaintiff requested that Defendants cease calling Plaintiff on countless occasions.

## FIRST CAUSE OF ACTION
**Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227**
By Plaintiff as to all Defendants

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. Defendants violated the TCPA. Defendants' violations include, but are not limited to the following

    (a) Within four years prior to the filing of this action, on multiple occasions, Defendants violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    (b) Within four years prior to the filing of this action, on multiple occasions, Defendants willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendants knowing and/or willfully violated the TCPA.

23. As a result of Defendants' violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendants knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

24. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
### Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788
By Plaintiff as to all Defendants

25. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

26. Defendants violated the RFDCPA based on the following:

   a. Defendants violated §1788.11(d) of the RFDCPA by causing a telephone to ring repeatedly or continuously to annoy the person called;

   b. Defendants violated §1788.11(e) of the RFDCPA by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances;

   c. Defendants violated §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants for the following:

(a) An injunction prohibiting Defendants from contacting Plaintiff on Plaintiff's cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A); and

(b) As a result of Defendants' violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and

(c) As a result of Defendants' willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

(d) Statutory damages of $1000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

(e) Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

(f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

(g) For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

Date: March 4, 2016                RESPECTFULLY SUBMITTED,

By: /s/  Matthew A. Rosenthal
Matthew A. Rosenthal
Attorney for Plaintiff,
GERARDO TORRES